POWELL and others vs. THE STATE.

*March 10 — May 10, 1881.*

CRIMINAL LAW, etc. *Larceny on moving cars: where indictable.*

Where one enters a moving car in one county, with intent to commit a larceny in such car, and with the same intent continues in the car until it passes into another county, and there commits the intended larceny, there is in law a fresh entry in the latter county, and the offense is indictable therein under the statute.

ERROR to the Circuit Court for *Columbia* County.

An information was filed by the district attorney in said court against *James H. Powell* and four others, charging that they "did feloniously break and enter in the night time a certain railroad freight car then and there being the property of the Chicago, Milwaukee & St. Paul Railway Company, with intent feloniously to steal, take and carry away the goods and chattels of said company, then and there being in said car." There was a verdict of guilty against all the defendants; a motion in arrest of judgment was denied; and, judgment having been rendered pursuant to the verdict, the defendants sued out a writ of error to reverse such judgment.

The cause was submitted on the brief of *G. J. Cox* for the plaintiffs in error, and that of *H. W. Chynoweth*, Assistant Attorney General, for the state.

For the plaintiffs in error it was argued, 1. That unless the crime was committed in the county of Columbia, the court

had no jurisdiction. Const. of Wis., art. I, sec. 7; R. S., sec. 4679. The statute under which the accused were convicted (R. S., sec. 4409), does not make being in the car a crime, but punishes only the entry with felonious intent. When the prisoners entered the car at Watertown, the crime, if any, was complete; and they could be held to trial only in the county where such entry was made. A thief may be convicted of larceny in any county to which he removes the goods; but here the goods remained in possession of the railroad company, and were taken by it into Columbia county. The statute does not make being in the car a fresh entry; and it should be strictly construed. *State v. Welch*, 37 Wis., 200. 2. That the intent to commit the crime of larceny when entering the car constitutes the crime, and if the accused entered the car for any other purpose, they could not be convicted under the statute *(McCourt v. The People*, 64 N. Y., 583; *State v. Ryan*, 12 Nev., 401; *S. C.*, 28 Am. R., 802); that the felonious intent should be established beyond reasonable doubt *(State v. Blœdow*, 45 Wis., 279); and that the evidence of such intent in this case was insufficient.

By THE COURT. 1. The conviction of the plaintiffs in error of the crime charged in the information cannot be disturbed, for want of testimony tending to show the felonious intent charged therein. There was sufficient proof of such intent to send that question to the jury.

2. Conceding that the plaintiffs in error entered the car in the county of Jefferson, if, with the same felonious intent, they continued therein until the car passed into the county of Columbia, the offense charged was committed in the latter as well as in the former county. The felonious intent not being abandoned, it is a fresh entry in each county into which the car was taken while they so remained in the car. This is held in analogy to the common-law rule that where a person steals goods in one county and carries them into another county, the

felonious intent continuing, it is a fresh larceny in such other county. 1 Bish. Cr. Pr., § 59. There seems to be no distinction in principle between the two cases. We are referred to no direct authority on the precise question here, and probably there is none, as the offense is a statutory one, and such statutes are of comparatively recent origin. Unless we apply to the case the principle above stated, it would be difficult to convict any one for breaking or entering a moving car with intent to commit a felony.

This view sustains the instructions which the judge gave to the jury.

The judgment is affirmed.